Dear Mayor Langlinais:
This office is in receipt of your request for an opinion of the Attorney General in regard to the employment status of an active police officer in the Town of Broussard who seeks an elective office, or engages in political activity. You indicate the Town of Broussard has an elected Chief of Police and several police officers who serve in non-civil service positions. The elected Chief of Police died this year, and there has been an appointment to fill the position until an election to be held in October, 2001 to fill the unexpired term. Pursuant to these facts, you ask the following questions:
 1. Can an active member of the Broussard Police Department who has qualified to run for the office of Chief of Police be granted a leave of absence until the day after the election for Chief of Police, without pay, and without benefits?
 2. Can an active member of the Broussard Police Department be terminated from his employment with the Town of Broussard for violating the provisions of the Broussard Police Department written policy which he has acknowledged in writing and otherwise, and which provides as follows: "P. Political Activity. No member of the Department, except the Chief of Police, shall be allowed to campaign for political office, they must resign immediately from this Department upon first indication made in any form or fashion."? In the case at issue, the employee has qualified to run for Chief of Police, and has acknowledged receipt of the policy, and knowledge of the policy. This of course would assume that the Chief of Police and the Board of Aldermen follow all of the requirements of the Lawrason Act.
 3. Can an active member of the Broussard Police Department be terminated from his employment if the established policy, which has been reduced to writing, and which has been acknowledged by the active member of the Police Department, states as follows: "All police officers are `at will' employees that serve at the discretion of the Chief of Police, and are terminable at `anytime' for `any reason'"? This assumes the Chief of Police follows the requirements of the Lawrason Act and recommends that said Officer be terminated to the Board of Aldermen, and the Board of Aldermen vote to terminate his employment.
In response to your question whether an active member of the Police Department who has qualified to run for the office of Chief of Police may be granted a leave of absence, we note in Atty. Gen. Op 99-316 this office was faced with the mandate in the Beauregard Parish Police Jury Handbook that any parish employee who runs for office must take a 90-day leave of absence. It was found, on the assumption that the Police Jury Handbook had been adopted by ordinance, the mandate was a valid exercise of authority with regard to two police jury employees seeking a public office. This office referred to Atty. Gen. Op. 79-600, which upheld an ordinance stating municipal employees could not run for public office, having found no inconsistency with the constitution or state law which prohibits classified employees from engaging in political activity.
We would conclude this same reasoning would be applicable to the situation you present for a member of the Police Department who seeks a public office. The Board of Alderman in accordance with R.S. 33:423 shall provide policies and procedures regulating the employment of municipal employees, and certainly may permit a leave of absence. This would prevent any interference with the fulfillment of the responsibilities of the position with the Department.
Moreover, while the Chief cannot fire an officer, this being a function for the Board of Aldermen, this office has recognized the Chief may suspend an officer which we find would be equivalent to a leave of absence without pay and benefits. However, the Department policy mandates they "resign immediately" to campaign. By a failure to resign, we would conclude pursuant to the recommendation of the Chief of Police to the Board of Aldermen such an employee can be terminated by violating the department prohibiiton.
We find support for this conclusion in Atty. Gen. Op. 01-211 which relied upon the court decision in McCormick v. Edwards, 646 F.2d 173 (5th Cir. 1981), and Atty. Gen. Op. 91-411 wherein it was concluded that the Office of Elderly Affairs could regulate the right of its employees engaging in political activities. Therein the Governor's Office of Elderly Affairs adopted the policy that any employee who ran for public office would take a leave of absence from the time of qualifying as a candidate. This office noted that the court in the McCormick case stated that a "non-civil service employee serves at the will of his superiors and can be discharged for any legitimate reason or even for no reason at all." The Court further concluded that the State's interest in prohibiting its employees from engaging in political activities outweighed the employee's right to engage in the political activities.
In your third question, you similarly ask whether an active member of the Police Department can be terminated from his employment if the established policy, that he has acknowledged, provides "all police officers are `at will' and serves at the discretion of the Chief of Police and are terminable at `anytime' for `any reason'", when the Chief follows the requirements of the Lawrason Act and recommends the termination, and the Board votes for his termination.
As stated hereinabove, the court has found that non-civil service employees serve at the will of their superior, and can be discharged for any legitimate reason or no reason at all, and, as you recognize, an officer may be terminated upon action of the Board of Aldermen after recommendation of the Chief of Police in accordance with the Lawrason Act.
Accordingly, we find, while a Chief of Police cannot terminate a police officer in the department, an elected Chief of Police has the power to suspend police personnel for disciplinary reasons provided his power is not arbitrarily or discriminatorily exercised, and the suspension is not of such length as to amount to a dismissal. We feel a suspension would be equivalent to granting of a leave of absence without pay and benefits. However a police officer who is non-civil service, upon recommendation of the Chief, may be terminated by the Board of Aldermen for violation of the Department policies, or for any reason that does not violate any constitutional right, since they serve at the will of their superior.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
DATE RECEIVED: September 3, 2001
DATE RELEASED: September 28, 2001